# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA
## WESTERN DIVISION

| | |
|---|---|
| TIMOTHY CLAIR SHANNON,<br><br>　　Plaintiff,<br><br>vs.<br><br>OFFICER MICHAEL KOEHLER,<br>individually and in his official capacity;<br>CITY OF SIOUX CITY; and<br>JOSEPH C. FRISBIE, individually<br>and in his official capacity,<br><br>　　Defendants. | No. C08-4059-MWB<br><br>**ORDER** |

　　On April 3, 2009, the court entered an order (Doc. No. 25) compelling the defendants to produce documents to the plaintiff in response to certain interrogatories and a document production request. On April 12, 2009, the court was contacted by attorneys Jason Gann for the plaintiff and Jeff W. Wright for the defendants concerning a remaining discovery dispute. The attorneys advised the court that a document responsive to the plaintiff's discovery requests had not been produced, but instead, was listed by the defendants on a privilege log. The attorneys asked the court for guidance on how to present the privilege issue to the court. The court directed Mr. Wright to submit the document to the court for an *in camera* review. The court received the document in question on May 12, 2009, and has reviewed the document.

　　This action arises from the plaintiff's arrest in the early morning hours of September 13, 2006, at Tom Foolery's Pub & Grill in Sioux City, Iowa. The plaintiff alleges the defendants violated his constitutional rights in connection with his arrest. He claims Officer Michael Koehler used excessive force against him, and committed assault and battery under state law. He also claims the City of Sioux City's customs, policies, and practices caused the constitutional violations.

The document in question is a five-page, single-spaced memorandum prepared by Sergeant Mark Skaff of the Sioux City Police Department, and directed to Police Chief Joseph C. Frisbie. The memorandum was prepared on May 1 and 2, 2007, about a week after the plaintiff filed a separated suit in this court against the City, Chief Frisbie, and the City Manager. *See Shannon v. City of Sioux City*, No. C07 4028-MWB, Doc. No. 2.[1] In that lawsuit, the plaintiff claimed the defendants had retaliated against him because he had threatened litigation over the September 13, 2006, incident. In the memorandum, Sergeant Skaff describes interviews he conducted on May 1 and 2, 2007, of three witnesses to the events of September 13, 2006. It is obvious from the memorandum that the witness interviews were in anticipation of litigation. According to Mr. Wright, his law firm was retained to represent the defendants on May 8, 2009, about a week after the interviews were conducted.

While the privilege log does not indicate the nature of the privilege claimed, it is obvious the defendants are claiming the memorandum is work product. "The federal work product doctrine was established in *Hickman v. Taylor*, 329 U.S. 495, 67 S. Ct. 385, 91 L. Ed. 451 (1947), and is now expressed in Federal Rule of Civil Procedure 26(b)(3)." *St. Paul Reins. Co. v. Commercial Fin'l Corp.*, 197 F.R.D. 620, 628 (N.D. Iowa 2000). Rule 26(b)(3)(A) provides that "[o]rdinarily, a party may not discover documents . . . that are prepared in anticipation of litigation or for trial by or for another party or its representative." While work product often is produced by an attorney, "the concept of 'work product' is not confined to information or material gathered or assembled by a lawyer." *Diversified Indus., Inc. v. Meredith*, 572 F.2d 596, 603 (8th Cir. 1977).

Federal law applied to claims of work product. *PepsiCo, Inc. v. Baird, Kurtz & Dobson LLP*, 305 F.3d 813, 816 (8th Cir. 2002). "In order to protect work product, the party seeking protection must show the materials were prepared in anticipation of

---

[1] Mr. Shannon filed his complaint in that action on April 26, 2007. Along with the complaint, he also filed a motion for preliminary injunction. (Doc. No. 3 in C07-4028-MWB)

litigation, *i.e.*, because of the prospect of litigation." *Id.*, 305 F.3d at 817. There is no question here that Sergeant Skaff prepared the memorandum because of the prospect of litigation – it was prepared a week after a lawsuit was filed, and in direct response to the lawsuit. Although many courts have held that evidence gathered in the course of an internal police investigation resulting from alleged use of misconduct ordinarily is not protected by the work product doctrine, this is a question that must be decided on the specific facts of each case. *See Collins v. Mullins*, 170 F.R.D. 132, 135 (W.D. Pa. 1996). Here, from the timing of the memorandum and from its content, the court finds it was prepared in anticipation of litigation.

Materials protected by Rule 26(b)(3)(A) are nevertheless discoverable if the requesting party "shows that it has substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means." Fed. R. Civ. P. 26(b)(3)(A)(ii). The only question here is whether the plaintiff can show it has a substantial need for the memorandum. No such showing has been made. It would appear that the plaintiff can interview the witnesses himself. See *Costabile v. Westchester, New York*, 254 F.R.D. 160, 167 (S.D.N.Y. 2008).

The defendants do not have to produce the memorandum prepared by Sergeant Skaff.

**IT IS SO ORDERED.**

**DATED** this 13th day of April, 2009.

PAUL A. ZOSS
CHIEF MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT