IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
WESTERN DIVISION

| TIMOTHY CLAIR SHANNON, <br>     Plaintiff, <br> vs. <br> OFFICER MICHAEL KOEHLER, in his individual and official capacities; SIOUX CITY POLICE DEPARTMENT; JOSEPH C. FRISBIE individually and in his official capacity. <br>     Defendants. | CIVIL ACTION <br> No. C08-4059 MWB <br><br> PLAINTIFF'S FIRST MOTION IN LIMINE TO BAR REFERENCE TO CERTAIN FACTS NOT KNOWN AT THE TIME OF PLAINTIFF'S ARREST |
|---|---|

COMES NOW the Plaintiff in the above-entitled case and moves the court in Limine for an order instructing the Defendants to refrain absolutely from making any direct or indirect reference whatsoever in person, by counsel, or through witnesses, to the evidence hereinafter specified, on the following grounds:

    1. The case is set for trial beginning January 11, 2010.

    2. According to the complaint the trial will involve a determination of these basic issues:

        a.    Whether Officer Koehler was reasonable in his use of force against the Plaintiff in accord with Plaintiff's rights under the 4th Amendment; and

        b.    Whether the Chief Joseph Frisbie and the City have established, authorized, or tolerated policies and practices that permit or encourage excessive force violations of constitutional rights of the Plaintiff and others like him.

    3. The Plaintiff is informed, believes, and hence alleges that at said trial the Defendants will attempt to introduce evidence, make reference to the fact, or otherwise leave the jury with the impression that Officer Michael Koehler has special knowledge

that the Plaintiff and two witnesses, Christina Navrkal and Jill Murad were horse playing and Plaintiff swung his hand at, and possibly contacted, Navrkal.

4. It is immaterial and unnecessary to the disposition of the above referenced issues in this case and contrary to the law of 42 U.S.C. § 1983 and Fed. Rule Evid. 401 and 402 to permit such evidence or inference and would be highly prejudicial to the Plaintiff in the minds of the jury.

5. An ordinary objection during the course of trial, even if sustained with proper instructions to the jury, will not remove such effect because the jury will become confused about the issues of this case (whether Officer Koehler was reasonable in his use of force aganst the Plaintiff) and instead will focus on collateral immaterial concerns (whether Plaintiff is guilty of a prior assault Officer Koehler did not know about when he sought to investigate Plaintiff's need for an ambulance).

6. Pursuant to L.R. 7(l), the undersigned attempted to confer with counsel for the Defendants regarding this motion but opposing counsel was out of the office. Counsel for the Defendants does not consent to this motion.

WHEREFORE, Plaintiff prays this court to exercise its discretion and make an order absolutely prohibiting said offer or reference certain facts not known at the time of the Plaintiff's arrest.

BERENSTEIN, MOORE, HEFFERNAN,
MOELLER & JOHNSON, L.L.P.

By:     /s/ Jason Gann
    Jason Gann #AT0002803
    300 U.S. Bank Building
    501 Pierce Street, P.O. Box 3207
    Sioux City, Iowa 51102
    Email: jgann@berensteinlawfirm.com
    PHONE: 712/252-0020
    FAX: 712/252-0656
    ATTORNEY FOR PLAINTIFF

CERTIFICATE OF SERVICE

I hereby certify that on August 25, 2009, I electronically filed the foregoing with the Clerk of Court using the ECF system which will send notification of such filing to the following:

    Jeff W. Wright

By:   /s/ Jason Gann