IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
WESTERN DIVISION

| | |
|---|---|
| TIMOTHY CLAIR SHANNON,<br>    Plaintiff,<br>vs.<br>OFFICER MICHAEL KOEHLER, in his individual and official capacities; SIOUX CITY POLICE DEPARTMENT; JOSEPH C. FRISBIE individually and in his official capacity.<br>    Defendants. | CIVIL ACTION<br>No. C08-4059 MWB<br><br>BRIEF IN SUPPORT OF PLAINTIFF'S FIRST MOTION IN LIMINE TO BAR REFERENCE TO CERTAIN FACTS NOT KNOWN AT THE TIME OF PLAINTIFF'S ARREST |

COMES NOW, Plaintiff, Timothy C. Shannon, by and through counsel, and provides the following legal memorandum to the Court in support of his first Motion in Limine pursuant to Local Rule 7.1(d):

## I.    PROCEDURAL BACKGROUND

On August 1, 2008, Plaintiff, Timothy C. Shannon, filed his Complaint in the above-captioned matter alleging violation of his civil rights pursuant to 42 U.S.C. § 1983, and pursuant to the laws of the State of Iowa, seeking compensatory and punitive damages as well as costs and attorney fees. On October 14, 2008, one of the originally named parties, the Sioux City Police Department, was dismissed pursuant to Rule 12(b)(6). On March 20, 2009, this Court ordered the bifurcation of the Plaintiff's excessive force claim against Officer Koehler from the *Monell* claims against the City of Sioux City and Chief Frisbie. The parties have engaged in discovery resulting in various discovery motions and orders not germane to this first Motion in Limine.

Plaintiff anticipates the Defendants will attempt to introduce evidence in both the excessive force and the *Monell* cases that approximately one hour before Officer

Koehler's arrest of the Plaintiff, that the Plaintiff, Christina Navrkal and Jill Murad were horse playing and Plaintiff swung his hand at, and possibly contacted Navrkal. For example, Defendants' Answer at ¶ 13 (Doc. No. 7) states that "Plaintiff [struck] at least one of the females." In his affidavit, the Defendants' expert witness W. Ken Katsaris makes reference to a "punch" and includes this as a special circumstance facing Officer Koehler. Katsaris Aff. p. 8,9. (Plaintiff's Exhibit A).

Discovery has shown that Officer Koehler did not know of this alleged contact between Navrkal and the Plaintiff. Officer Koehler testified that he did not hear the 911 calls requesting an ambulence but was dispatched to Tom Foolery's regarding an injured party in need of medical assistance. Koehler Depo., at 11:4-11 (Plaintiff's Exhibit B). Officer Koehler further testified that when he arrived Jill Murad opened the door to Tom Foolery's and said: "I need you to check his head." Koehler Depo., at 13:4-14 (Plaintiff's Exhibit C). Jill Murad testified that when she let Officer Koehler into Tom Foolery's she told him somebody had been hurt. Murad Depo., p. 48:2-8 (Plaintiff's Exhibit D). When asked if she (Jill Murad) said anything else, Officer Koehler testified, "Not that I recall, no." Koehler Depo., at 13:15-16 (Plaintiff's Exhibit C).

Plaintiff anticipates the Defendants will attempt to introduce evidence and elicit testimony from Plaintiff, Murad, Navrkal, and expert witnesses regarding alleged physical contact between Plaintiff and Navrkal. The Plaintiff is requesting the court enter an order in Limine prohibiting the Defendants and any of its witnesses from offering any evidence that Shannon swung at, contacted, punched, hit, or other synonyms for what they will undoubtedly characterize as an assault upon Navrkal prior to his contact with Officer Koehler or making any mention thereof in the presence of the jury,

2

including questions, testimony, remarks, voir dire, opening statements and closing arguments because it is a reference to facts learned by Officer Koehler after the decision to use force against the Plaintiff.

## II.   APPLICABLE LAW

### A.  Motions in Limine

"Preliminary questions concerning ... the admissibility of evidence shall be determined by the court."  Fed. R. Evid. 104.  A Motion in Limine is proper to allow the court to rule in advance on the admissibility of evidence so as to prohibit the mention of some specific matter, such as an immaterial or inflammatory piece of evidence, from encumbering the record or prejudicing the jury.  *Kuiper v. Givaudan, Inc.,* 602 F.Supp.2d 1036, 1042 (N.D. Iowa 2009).

### B.  Fed. R. Evid. 401, 402, and 42 U.S.C. § 1983

"Relevant evidence" means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.  Fed. R. Evid. 401.  All relevant evidence is admissible, except as otherwise provided by the Constitution of the United States, by Act of Congress, by these rules, or by other rules prescribed by the Supreme Court pursuant to statutory authority.  Fed. R. Evid. 402.

All claims that law enforcement officers have used excessive force in the course of an arrest are analyzed under the Fourth Amendment and its 'reasonableness' standard. *Graham v. Connor*, 490 U.S. 386 (1989).  The question for the jury is whether, judging from the perspective of a reasonable officer at the scene of the arrest, the totality of the circumstances justifies the use of the force used.  *Id*.  Circumstances such as the severity

of the crime, whether the suspect posed a threat to the safety of the officers or others, and whether the suspect was resisting arrest are all relevant to the reasonableness of the officer's conduct. *Id*. In considering the totality of the circumstances, the court should refer only to those circumstances known and information available to the officer at the time of his action. *Sherrod v. Berry*, 856 F.2d 802 (7th Cir.1988). Knowledge of facts and circumstances gained after the fact has no place in the analysis of the reasonableness of the actor's judgment. *Id*., approved in *Billingsley v. City of Omaha*, 277 F.3d 990, 996 (8th Cir. 2002); *Schulz v. Long*, 44 F.3d 643, 648 (8th Cir. 1995). In analyzing a claim of excessive force under the Fourth Amendment, evidence outside the time frame of the arrest is irrelevant and prejudicial. *Palmquist v. Selvik*, 111 F.3d 1332, 1340 (7th Cir.1997) (involving a claim of suicide by police). That this "legally relevant time period" is short is not accidental. *Plakas v. Drinski*, 19 F.3d 1143 (7th Cir. 1994). The time-frame is a crucial aspect of excessive force cases. *Id.*

### III. ARGUMENT

#### A. THE COURT SHOULD CONSIDER PLAINTIFF'S MOTION IN LIMINE.

Determination of the admissibility of the evidence which the Defendants will likely present will aid in determining the issues and arguments for summary judgment, will expedite trial, provide notice to all parties' witnesses for preparation, and aid the jury in a clear and concise presentation of this case. The court should thus consider Plaintiff's first Motion in Limine.

#### B. EVIDENCE REGARDING PLAINTIFF'S ACTIONS PRIOR TO HIS CONTACT WITH OFFICER KOEHLER WHICH ARE UNKNOWN TO OFFICER KOEHLER, SHOULD BE EXCLUDED.

The issue in this case is whether Officer Koehler was reasonable in his use of

force when he encountered the Plaintiff, not whether Plaintiff made physical contact with Navrkal and is therefore crazy, guilty of assault, got what was coming to him when Officer Koehler arrived, or immoral. Plaintiff's actions prior to his contact with Officer Koehler are irrelevant and barred under the law of 42 U.S.C. § 1983 unless Officer Koehler knew of them. The record establishes that Officer Koehler did not know of any alleged contact between Shannon and Navrkal. This is information that was unknown to Officer Koehler and cannot factor into whether Officer Koehler's actions were reasonable.

This alleged prior contact between Plaintiff and Navrkal is heavily relied upon in the expert opinion of Mr. W. Ken Katsaris. Katsaris opines that Plaintiff was agitated when he "punched" Christina Navrkal, and that this agitation "continues with the arrival of Officer Koehler." (Katsaris Affidavit, p. 8). Katsaris also opines that this alleged prior altercation with a female was a special circumstance that helped to justify Officer Koheler's take down of the Plaintiff. Katsaris states that "[t]he record does reflect that Shannon had already punched a female in the face while standing directly in front of her without any physical provocation, and was activating this aggression once again, only this time Koehler made the proper split-second judgment to neutralize the threatening behavior of Shannon in an objectively reasonable manner using trained procedures to do so." (Katsaris Affidavit, p. 11) (emphasis in original). Because Officer Koehler did not know about the prior incident involving Navrkal, it cannot be used as a justification for Katsaris' opinion about the reasonableness of Officer Koehler's actions.

The rule of *Graham and Sherrod,* that in considering the totality of the circumstances, the court should refer only to those circumstances known and information

5

available to the officer at the time of his action has been uniformly applied in this and other jurisdictions. See for example *Billingsley v. City of Omaha*, 277 F.3d 990, 996 (8th Cir. 2002). In *Munley v. Carson*, 125 F. Supp 2d 117 (N.D.Ill 2000) the defense was barred from presenting evidence that the Plaintiff had hit his wife prior to the officer's arrival on the scene because the only relevant circumstances are those known to the officer. *Id*., at 1120. In *Dickerson v. McClellan*, 101 F.3d 1151, (6th Cir. 1996), the Plaintiffs were precluded from presenting pre-arrest evidence of an unreasonable home entry by the police. *Id*., at 1162. In *Greenidge v. Ruffin*, 927 F.2d 789 (4th Cir. 1991), the court found that an undercover officer's failure to follow standard police procedures leading up to the arrest was not relevant under Fed. R. Evid. 401 and inadmissible under Fed. R. Evid.406. *Id*., at 792.

WHERFORE, Plaintiff respectfully requests that the court enter an order prohibiting Defendants from eliciting any testimony or evidence about the events preceding Officer Koehler's arrival at the scene that were not known to Officer Koehler and strike the portions of Katsaris' testimony relying on the events occurring prior to Officer Koehler's arrival that were not known to Officer Koehler.

BERENSTEIN, MOORE, HEFFERNAN,
MOELLER & JOHNSON, L.L.P.

By:   /s/ Jason Gann
  Jason Gann #AT0002803
  300 U.S. Bank Building
  501 Pierce Street, P.O. Box 3207
  Sioux City, Iowa 51102
  Email: jgann@berensteinlawfirm.com
  PHONE: 712/252-0020
  FAX: 712/252-0656
  ATTORNEYS FOR PLAINTIFF

CERTIFICATE OF SERVICE

I hereby certify that on August 25, 2009, I electronically filed the foregoing with the Clerk of Court using the ECF system which will send notification of such filing to the following:

 Jeff W. Wright

By:____/s/ Jason Gann_____

7
Case 5:08-cv-04059-MWB   Document 30-2   Filed 08/25/09   Page 7 of 7