# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

| | |
|---|---|
| TIMOTHY CLAIR SHANNON, <br><br> Plaintiff, <br><br> vs. <br><br> OFFICER MICHAEL KOEHLER, in his individual and official capacities, CITY OF SIOUX CITY, and JOSEPH C. FRISBIE, in his individual and official capacities, <br><br> Defendants. | No. C08-4059-MWB <br><br> **MEMORANDUM OPINION AND ORDER REGARDING DEFENDANTS' MOTION FOR RECONSIDERATION OF RULING ON PLAINTIFF'S FIRST MOTION IN LIMINE AND SUPPLEMENTAL MOTION IN LIMINE** |

_____

## *I. INTRODUCTION*

This case is before the court pursuant to the defendants' February 2, 2011, Motion for Reconsideration of Ruling on Plaintiff's First Motion in Limine and Supplemental Motion in Limine (Docket no. 92). The defendants request that the court reconsider its ruling granting the plaintiff's Motion in Limine as it relates to the admissibility of the recorded statement of Cristina Navrkal ("Navrkal") obtained by the Sioux City Police Department on September 13, 2006.

## II. PARTIES' ARGUMENTS

In the defendants' Motion for Reconsideration, they now argue for the first time that the recorded statement of Navrkal is admissible as an "excited utterance" under Federal Rule of Evidence 803(2), an exception to the hearsay rule found in Federal Rule of Evidence 802. Defendants argue that the recorded statement of Navrkal qualifies as an excited utterance because the statement was made in an excited state as evidenced by Navrkal's demeanor, voice inflection, and erratic nature. Furthermore, the defendants claim that Navrkal's statement was not the product of police influence, intimidation, or coercion.

On February 14, 2011, the plaintiff filed a Resistance to Defendants' Motion for Reconsideration of Order on Plaintiff's First Motion in Limine and Supplemental Motion in Limine (Docket no. 93). In his resistance, the plaintiff requests that the court rule Navrkal's statement as untrustworthy because of the recording's incompleteness, ambiguity, and inaudible portions of conversation. Additionally, the plaintiff argues that Navrkal's statement was not the product of an excited state of mind and a spontaneous utterance, but rather deliberate answers to questions presented by a police officer. The plaintiff points out that in some cases Navrkal was simply agreeing to what the officer was suggesting to her. Thus, the plaintiff maintains, such a statement is more accurately portrayed as an answer to leading questions and not an excited utterance.

On February 23, 2011, the defendants filed a Reply Brief in Support of Motion for Reconsideration of Ruling on Plaintiff's First Motion in Limine and Supplemental Motion in Limine (Docket no. 94-1). In their reply brief, the defendants claim that a recorded statement is not necessarily inadmissible due to omissions or gaps in the recording. As long as the recording is probative of material issues raised, and audible enough to provide the jury with the "gist" of the conversation, the defendants argue that this is sufficient to

properly admit the recording. The defendants reassert that Navrkal's statement is an excited utterance, made in an excited state, and not the product of coercive police questioning.

## III. ANALYSIS

An out-of-court statement made by a witness, but offered in evidence to prove the truth of the matter asserted is hearsay. Fed. R. Evid. 801. The Federal Rules of Evidence generally prohibit admissions of hearsay evidence under the hearsay rule. Fed. R. Evid. 802. However, a notable exception to the hearsay rule is found in Federal Rule of Evidence 803(2), which states:

> (2) Excited utterance. A statement relating to a startling event or condition made while the declarant was under the stress of excitement caused by the event or condition.

*Id*.

In determining whether a hearsay statement qualifies as an excited utterance, the Eighth Circuit Court of Appeals has explained that "the proponent must prove three elements: '(i) that the statement was in reaction to a truly startling event; (ii) that the statement was made under the stress of excitement caused by that event; and (iii) that the statement relates to the event.'" *Brunsting v. Lutsen Mountains Corp.*, 601 F.3d 813, 817-818 (8th Cir. 2010) (quoting Glen Weissenberger & James J. Duane, *Weissenberger's Federal Evidence* § 803.8 (5th ed. 2006)). Proponents alleging that a hearsay exception applies to a statement, bear the burden of proof. *Reed v. Thalacker*, 198 F.3d 1058, 1061 (8th Cir. 1999). Thus, the defendants must establish that Navrkal's recorded statement qualifies as an excited utterance.

As to the first element, "that the statement was in reaction to a truly startling event," the Eighth Circuit has clarified that for purposes of Rule 803(2) analysis "what constitutes the 'event' is pivotal." *Brunsting*, 601 F.3d at 818. In *Brunsting*, a skier traveling up a chair lift witnessed a near-fatal traumatic skiing accident on the slope below. *Id*. Once the skier reached the end of the chair lift, she immediately reported the accident and rushed to the scene of the accident where she found the victim unconscious, bleeding from the mouth, turning blue, and believed to be near death. *Id*. At the scene, she was asked by a bystander what had happened, to which she responded "that she saw [the victim] stumble on a stump, then fall into a tree, hitting the tree with his head." *Id*. at 817. Regarding the question of whether her statement was in reaction to a truly startling event, the Eighth Circuit Court of Appeals held that the "event" was not limited to the skier witnessing the accident from the chair lift. *Id*. at 818. Instead, the startling "event" continued from the time of witnessing the accident to after she rushed to the victim's side and realized she might be witnessing a man's death. *Id*. The Eighth Circuit Court of Appeals found that there was little or no time lapse between the "event" and the statement because "the statement was made contemporaneously with the singular startling event." *Id*. at 818-819.

The recorded statement of Navrkal is dissimilar to the excited utterance deemed admissible in *Brunsting,* in that the recorded statement of Navrkal was not made contemporaneously with the startling event of the altercation between Shannon and Koehler. Contrary to *Brunsting*, Navrkal's statement was not made spontaneously while witnessing the dispute, immediately afterwards, or even at the scene of the arrest. In Navrkal's case, her statement was taken after the altercation had occurred, after she had been to the bathroom with another witness, after she had returned to the bar and was surrounded by other Sioux City Police officers, and after she was lead outside of the bar

4

and placed inside Officer Kolker's police vehicle. As a result, Navrkal's recorded statement was not made contemporaneously with the startling event and the defendants have failed to demonstrate that the recorded statement of Navrkal was made "in reaction to a truly startling event." *Brunsting*, 601 F.3d at 817-818.

Regarding the second element for establishing an excited utterance exception to the hearsay rule, the defendants must demonstrate that Navrkal's statement "was made under the stress of excitement caused by that event." *Brunsting,* 601 F.3d at 817-818. "To determine whether a declarant was still under the stress of excitement caused by an event when a statement was made, we consider the lapse of time between the startling event and the statement, whether the statement was made in response to an inquiry, the age of the declarant, the physical and mental condition of the declarant, the characteristics of the event, and the subject matter of the statement. We also examine whether the declarant's stress or excitement was continuous from the time of the event until the time of the statements." *United States v. Wilcox*, 487 F.3d 1163, 1170 (8th Cir. 2007).

There was a significant lapse of time, over ten minutes, between the startling event of Shannon's altercation with Koehler and Navrkal's recorded statement in the back of Officer Kolker's police vehicle. In between the altercation and the recorded statement, Navrkal went to the restroom with another witness, returned to the bar and was surrounded by other Sioux City Police officers, and then was lead outside and placed inside Officer Kolker's police vehicle.

Furthermore, several of Navrkal's remarks were made after reflection and deliberation in response to an inquiry by Officer Kolker, rather than a spontaneous

5

statement made contemporaneously with a startling event.[1] On various occasions, Officer Kolker attempted to summarize Navrkal's statement in the form of leading questions that would elicit one word responses. These leading questions typically were slanted to place Koehler in a favorable light. For example,

> Kolker: So somebody came here to help [Shannon] and [Shannon] shoved him?
>
> . . . .
>
> Kolker: So [Shannon] slammed somebody, huh?
>
> . . . .
>
> Kolker: Was it somebody in uniform?
>
> . . . .
>
> Kolker: So [Shannon] actually punched you . . . ok. And then he assaulted . . . the ambulance guy by shoving him down?

Navrkal's Recorded Statement at 1:59:19 — 2:00:30.

Additionally, it must be noted that at the time Navrkal's statement was recorded her physical and mental condition was questionable at best. Navrkal has admitted that at the time her statement was made she was intoxicated. *See* Defendants' Exhibit 1, Videotaped Deposition of Cristina Navrkal at 54, 58 (Docket no. 94-2). After listening to her recorded statement, Navrkal commented that: she couldn't understand herself; she was unable to remember if what she had said in the recording was an accurate description; and, she overall questioned what she had said in the recording because she had been intoxicated at the time. *See* Defendants' Exhibit 1, Videotaped Deposition of Cristina Navrkal at 54-58 (Docket no. 94-2). Further ambiguities in Navrkal's recorded statement are apparent

---

[1] "For the excited utterance exception to apply, the declarant's condition at the time of making the statement must be such that 'the statement was spontaneous, excited or impulsive rather than the product of reflection and deliberation.'" *Reed*, 198 F.3d at 1061 (quoting *United States v. Iron Shell*, 633 F.2d 77, 86 (8th Cir. 1980)).

as a result of her intoxication. For instance, in the recorded statement, Navrkal is adamant that Shannon "slammed" the "ambulance guy," although Koehler was the only officer at the scene of the incident. Navrkal's Recorded Statement at 1:59:28 — 1:59:39. Navrkal even corrected Officer Kolker's description of the "ambulance guy" as an officer, clarifying that "[i]t wasn't an officer. I know that." Navrkal's Recorded Statement at 1:58:52 — 1:58:57; 1:59:28 — 1:59:39. Navrkal was also able to recognize a difference between the "ambulance guy" and the other uniformed police officers at the scene of the incident. Navrkal's Recorded Statement at 2:00:00 — 2:00:10. These ambiguities, as a result of Navrkal's intoxication, call into question the overall trustworthiness of the recorded statement.[2]

While the Eighth Circuit Court of Appeals has previously allowed statements made by an intoxicated declarant under the excited utterance exception, the court also noted that there was "nothing in [the declarant's] demeanor or the circumstances to indicate he had a motive to lie." *United States v. Water*, 413 F.3d 812, 818 (8th Cir. 2005). In contrast, Navrkal has admitted that she lied in her recorded statement to the police and had a motive to lie because she feared that she would be arrested for operating a motor vehicle while intoxicated (OWI). *See* Defendants' Exhibit 1, Videotaped Deposition of Cristina Navrkal at 60, 58 (Docket no. 94-2). The Eighth Circuit Court of Appeals has held that fabricating a statement "demonstrate[s] a level of reflection that prohibit[s] their admission as an 'excited utterance.'" *United States v. DeMarce*, 564 F.3d 989, 997 (8th Cir. 2009). "The rationale of the excited utterance exception is that 'the stress of nervous excitement or physical shock stills the reflective faculties, thus removing an impediment to

---

[2] "At its essence, the hallmark of all exceptions to the hearsay rule is the 'guarantee of trustworthiness.'" *Brunsting*, 601 F.3d at 817. (quoting *Miller v. Keating*, 754 F.2d 507, 510 (3rd Cir. 1985).

7

truthfulness.'" *Id.* (quoting *Reed v. Thalacker*, 198 F.3d 1058, 1061 (8th Cir.1999) (quoting *United States v. Sewell*, 90 F.3d 326, 327 (8th Cir.1996))); *See* Fed. R. Evid. 803(2) advisory committee's notes ("The theory of Exception [paragraph] (2) is simply that circumstances may produce a condition of excitement which temporarily stills the capacity of reflection and produces utterances free of conscious fabrication."). Thus, Navrkal's fabrication during her recorded statement demonstrates a level of reflection that is prohibited under the excited utterance exception to the hearsay rule. Fed. R. Evid. 802.

Ultimately, the defendants have failed to prove the second element for demonstrating an excited utterance exception — that Navrkal's statement "was made under the stress of excitement caused by that event." *Brunsting*, 601 F.3d at 817-818. The significant lapse of time between the startling event and the statement, the fact that the statement was made in a patrol car in response to leading questions by a police officer, and the admitted falsehoods in the statement, demonstrate that the statement was made after reflection and not under a condition of excitement which produced utterances free of conscious fabrication.[3]

---

[3] The court finds that Navrkal's recorded statement satisfies the third element for establishing an excited utterance, "that the statement relates to the event." *Brunsting*, 601 F.3d at 817-818. Navrkal's statement describes the circumstances surrounding the altercation between Shannon and Koehler. However, this finding is inconsequential in that the court has already determined that Navrkal's statement fails to qualify as an excited utterance under the first two elements: "(i) that the statement was in reaction to a truly startling event"; and "(ii) that the statement was made under the stress of excitement caused by that event." *Id.*

## IV.  CONCLUSION

The recorded statement of Navrkal does not qualify as an "excited utterance" under Federal Rule of Evidence 803(2), because the defendants failed to prove "(i) that the statement was in reaction to a truly startling event; and (ii) that the statement was made under the stress of excitement caused by that event." *Brunsting*, 601 F.3d at 817-818. Therefore, for the foregoing reasons, Navrkal's recorded statement is hearsay prohibited by Federal Rule of Evidence 802.  Defendants' Motion for Reconsideration of Ruling on Plaintiff's First Motion in Limine and Supplemental Motion in Limine is **denied.**

**IT IS SO ORDERED**.

**DATED** this 7th day of March, 2011.

_____
MARK W. BENNETT
U. S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA